UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 31 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| TAKEETA GALLOWAY ON HER OWN BEHALF; and AS MOTHER AND NEXT FRIEND OF MARCEDIZ GALLOWAY AND QN'ZARIUS GALLOWAY, HER MINOR CHILDREN; and MARCUS COLLIER | PLAINTIFFS |
| VERSUS | NO. 3:16-cv-403 HTW-LRA |
| AMBER EIDE, SWEEPING CORPORATION OF AMERICA, ERNEST COOK, ENTERPRISE LEASING COMPANY-SOUTH CENTRAL, LLC AND JOHN DOE | DEFENDANTS |

## PETITION FOR REMOVAL

NOW INTO COURT, through undersigned counsel, comes the defendant, Enterprise Leasing Company – South Central, LLC ("Enterprise"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, who respectfully petitions for removal of this civil action from the Circuit Court of Hinds County, Mississippi to the United States District Court for the Southern District of Mississippi, Northern Division, and in support thereof respectfully avers as follows:

I.

The civil action was originally filed on September 9, 2015, in the Circuit Court of Hinds County, Mississippi, docket number 2015-466, where venue is proper.

II.

The plaintiffs are Takeeta Galloway and her two minor children and Marcus Collier (owner of the vehicle occupied by the Galloways), who resided at 1919 Marshall Place, Jackson, Hinds County, Mississippi, 39213, according to the complaint. According to plaintiffs' responses to Sweeping Corporation's discovery, on March 4, 2016, the Galloways reside at 1971 Edward Lane, Jackson, Mississippi, 39213. Thus, they are all domiciled in Mississippi.

III.

The defendant Amber Eide, originally alleged to be a resident of Jackson, Hinds County, Mississippi, is now believed to be a resident of the state of Louisiana, and upon information and belief, was not a resident of the state of Mississippi at the time the civil action was filed. The information recently obtained through social media and a background check, which led the defendant to such belief is attached hereto as Exhibit 1 along with the affidavit of counsel identifying said documents.

IV.

The defendant Sweeping Corporation of America is a Tennessee corporation, with its principal place of business in Nashville, Tennessee.

V.

The defendant Enterprise is a limited liability company organized under the laws of Delaware. The citizenship of a limited liability company is determined by the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of Enterprise is Enterprise Holdings, Inc. ("EHI"). EHI is incorporated under the laws of Missouri, and its principal place of business is in Missouri. Enterprise is in the business of renting vehicles to the traveling public and it operates branches in multiple states, including Mississippi, but its business activities are not significantly larger in Mississippi nor does its business substantially predominate in Mississippi. It rents cars in multiple states that are titled and registered in multiple states for use in multiple states. The "nerve center" from which EHI's highest officers retain the right to direct, control and coordinate its affiliate companies is located at corporate headquarters located at 600 Corporate Boulevard, St. Louis, Missouri. See *Hertz Corp. v. Friend*, 08-1107 (U.S. Feb. 23, 2010), 559 U.S. 77, 130 S.Ct. 1181, 1187-95.

VI.

Ernest Cook is a resident of Utica, Mississippi, and his presence in this litigation would defeat diversity jurisdiction; however, it now appears that the plaintiffs have voluntarily abandoned pursuit of this defendant by an act that goes beyond the mere failure to serve him.

VII.

On April 29, 2016, the plaintiff filed in state court Doc. 26 a Motion for Extension of Time to Serve Defendant, Amber Eide, but they did not seek a similar extension of time to serve Ernest Cook. Thus, the plaintiffs expressed an intent to continue pursuit of Amber Eide but simultaneously—by the affirmative omission of Ernest Cook—clearly and definitively demonstrated their intent to "abandon" the action against Ernest Cook, the only non-diverse party.

VIII.

Enterprise respectfully submits that Doc. 26, the plaintiffs' Motion for Extension of Time to Serve Defendant, Amber Eide, filed April 29, 2016, constitutes a "paper" as contemplated by 28 U.S.C. § 1446(b)(3) which states, "If the case stated by the initial pleading is not removable, **a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise,** of a copy of an amended pleading, **motion,** order or other paper **from which it may first be ascertained that the case is one which or has become removable.**" 28 U.S.C. § 1446(b)(3). (Emphasis added.) Thus, this Petition for Removal is presented pursuant to 28 U.S.C. § 1446(b)(3) because the plaintiff's abandonment of the action against the non-diverse defendant, Ernest Cook, makes the case removable.

IX.

Enterprise respectfully submits that this Petition for Removal is timely on the basis that it occurs within one year of the original filing of the plaintiff's claims in state court and that

Enterprise has filed to remove within 30 days of April 29, 2016, the date of discovery of facts sufficient to establish the existence of federal diversity jurisdiction. See 28 U.S.C. § 1446.

X.

Based on the foregoing description of citizenship, Enterprise respectfully submits that there is complete diversity of citizenship sufficient to support removal.

XI.

The subject litigation arose from an automobile accident in Jackson, Hinds County, Mississippi, on September 30, 2013, which occurred when defendant Amber Eide, driving a vehicle owned by Enterprise without Enterprise's consent, collided with the street sweeper, owned by Sweeping Corporation of America and driven by its employee Ernest Cook, and then with the vehicle allegedly driven by the plaintiff, Takeeta Galloway. The plaintiffs filed suit on September 9, 2015, and the defendants Enterprise and Sweeping Corporation of America were served with process and filed responsive pleadings in due course. The defendants Amber Eide and Ernest Cook were not served with process, and the plaintiffs abandoned the claim against Ernest Cook at the time they moved the Circuit Court on April 29, 2016, for more time to serve Amber Eide while omitting any reference to an extension of time in which to serve Ernest Cook. Prior to April 29, 2016, Enterprise had no knowledge that the plaintiffs did not intend to pursue Mr. Cook, the only party whose presence had heretofore defeated diversity jurisdiction.

XII.

In *McLain v. American International Recovery*, 1 F.Supp. 2d 628, 632 (S.D. Miss. 1998), the United States District Court for the Southern District of Mississippi stated that the preferred method for avoiding a plaintiff's jurisdictional game-playing is through a deposition, interrogatory or request for admission that the damages do not exceed $75,000, after which a defendant will

possess "other paper" as contemplated by 28 U.S.C. § 1446(b) to affirmatively show that the jurisdictional amount is satisfied. In the plaintiffs' response to Enterprise's First Set of Requests for Admissions propounded April 7, 2016, and answered April 21, 2016, the plaintiffs denied that the amount in controversy, exclusive of fees and costs, does not exceed $75,000 per claimant. The plaintiffs' response is attached hereto as Exhibit 2. Ms. Galloway did not itemize her medical expenses in her responses to interrogatories propounded by Sweeping Corporation, but she did attach at least some of her bills to the responses to requests for production of documents, copies of which are attached hereto as Exhibit 3 *in globo,* without a complete set of the attachments to avoid cluttering the Record. Ms. Galloway's bills from Dr. Dinesh Goel total $3,203.29, and she was treated in the emergency room at Mississippi Baptist Medical Center. In addition, she presented bills on behalf of her children for which she as their next friend seeks compensation.

XIII.

When the Complaint does not contain an ad damnum clause, "[t]he removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Simon v. Walmart Stores Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). "To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000.00 or by establishing the facts in controversy in the removal petition or in accompanying affidavit to show that the amount-in-controversy is met." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773-74 (5th Cir. 2003). If the defendant "establishes[s] by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount," the question becomes whether the plaintiff can demonstrate it is "legally certain" she cannot recover more than the jurisdictional amount. *In Re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009). The law is quite clear that whether removal

jurisdiction is present depends on the claims as they are stated "at the time of removal." *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Here, Enterprise asserts that the plaintiffs' own admission is sufficient to prove by a preponderance of the evidence that the amount of controversy exceeds $75,000 per claimant.

"[I]t is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). However, there is no fixed rule as to what is recoverable in personal injury actions. *See Mississippi Power & Light Co. v. McCormick*, 166 So. 534, 535 (Miss. 1936). The amount of damages is largely within the discretion of the jury. *Travelers Indem. Co. v. Davis Wholesale Drug Co.*, 234 So.2d 604, 605 (Miss. 1970). Mississippi juries have been extremely generous in the past, as in *Cade v. Walker*, 771 So.2d 403 (Miss. App. 2000), (upholding an award of 51 times the amount of medical expenses), and although Enterprise certainly disputes that the plaintiffs herein are entitled to collect such an exorbitant award, a verdict similar to the award of 51 times Ms. Galloway's medicals would exceed $75,000 and therefore establish a sufficient amount in controversy to create federal diversity jurisdiction.

XIV.

The other defendants remaining in this case are Amber Eide and Sweeping Corporation of America. Both of these parties are diverse to the plaintiff. Amber Eide has not been served, and the Circuit Court denied the plaintiff's motion for additional time to serve Amber Eide on May 5, 2016. Enterprise acknowledges the reluctance of courts to remove cases where a defendant has been dismissed through the state court's denial of additional time, an appealable issue that goes against the tenets requiring "finality" of state court claims prior to removal. *Miller v. Fulton*, 113

F.Supp.2d 1035 (S.D. Miss. 2000) citing *Johnson v. Snapper*, 825 F.Supp 127, 129 (E.D. Tex. 1993). However, even a favorable appeal on the motion for extension of time would not impact removability of this case because Amber Eide is and was a diverse party at all times pertinent to removability. Moreover, even if she were eventually the subject of an involuntary dismissal pursuant to Miss. R. Civ. P. 4(h) in state court, Amber Eide's status as a diverse party means that her presence in or absence from this litigation is not material to the instant Petition for Removal. For purposes of this motion it matters not at all that Amber Eide was not served, or that the state court refused plaintiffs' request for an extension of time to serve her, or that the appeal deadline has not expired as to that ruling, or that Amber Eide may be involuntarily dismissed at some point in the future. The only fact material to Amber Eide is that she was not a Mississippi resident when suit was filed.

XV.

Based on the foregoing, Enterprise respectfully submits that the defendants to this litigation are completely diverse from the plaintiffs and that the amount in controversy exceeds $75,000, exclusive of costs and interest; therefore, pursuant to 28 U.S.C. § 1332, federal diversity jurisdiction has been created in this case. Thus, this case now may be removed pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

XVI.

The only other defendant properly joined and served is Sweeping Corporation of America, and it concurs with Enterprise's Petition for Removal, as documented by Sweeping Corporation of America's Joinder and Consent to Removal, a copy of which is attached hereto as Exhibit 4. Enterprise also respectfully submits that because Amber Eide and Ernest Cook have not been properly served and have not made an appearance, equity requires that those defendants not be

required to appear—even to consent to removal—until such time as the plaintiff takes the necessary steps to serve them properly. Thus, the only defendants properly before this Court and who may present this Petition are Enterprise and Sweeping Corporation of America, both of whom concur that removal is proper under the circumstances.

XVII.

The subject accident occurred in Hinds County, where the plaintiffs also reside, and Hinds County is in the Northern Division of the United States District Court for the Southern District of Mississippi. Therefore, this Court is an appropriate location for removal.

XVIII.

Copies of all process, pleadings and orders known to Enterprise are attached hereto as Exhibit 5, *in globo*. As soon as a certified copy of the pleadings is provided by the state court, said copy will be filed of Record in the instant matter.

WHEREFORE, PREMISES CONSIDERED, Enterprise prays that this action be removed from the Circuit Court of Hinds County, Mississippi to the United States District Court for the Southern District of Mississippi, Northern Division.

Respectfully submitted,

_____
DONNA POWE GREEN (#19111)
Attorney for Enterprise Leasing Company –
South Central, LLC
Green Law Firm, P.A.
Post Office Box 17947
32 Office Park Drive
Hattiesburg, MS  39404-7947
Telephone: (601) 271-9031
Facsimile: (601) 271-9033
donnapgreen@comcast.net

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been furnished to all counsel of record, by ☐ electronic transmission, ☐ overnight delivery and/or ☒ depositing same in the United States Mail postage prepaid and properly addressed, this __27__ day of __May__, 2016.

_____
DONNA POWE GREEN